Bissell, P. J.
William Brun as beneficiary in a policy issued on the life *539 of his wife by the Legion of Honor after her death brought this suit to recover on the policy. It probably could be safely stated as a general proposition that appellate courts are somewhat astute to find reasons which will permit the trial of all issues of fact on such policies by a jury. They are well aware that insurance companies, both life and fire, are always eager to accept premiums and do business, but are not always equally prompt to settle claims. The criticism does not usually extend so broadly to companies insuring lives as to the other line of business. Life insurance companies ordinarily pay their policies even though there may be some doubt respecting their validity because of misrepresentations or concealments made to obtain the insurance. The value of life insurance policies is so fully recognized m modern times by the American people that there is a great desire on the part of most to protect their families after death and even though they may be practically conscious of their ineligibility, if the fact is not discovered by the medical examiner, many people will make statements in their applications which render them eligible, whereas, if the facts were known they could not procure a policy. All these various considerations lead to the practice intimated in the opening of this opinion. We are very frank to say that if we could see our way clear we would send this case back and permit it to be tried by jury regardless of the bold statement of plaintiff’s counsel when he opened the case to the jury.
The case comes up in a somewhat peculiar fashion. The complaint was demurred to. This demurrer was overruled and the case came to trial, and after plaintiff’s counsel had made his opening statement the attorney for the company then moved for judgment on the pleadings and statement. Judgment went for the company, and this is appealed from. On this record we are called on to consider the propriety of this action. We have no doubt the judgment was properly entered regardless of the opening statement. We Jo not quite understand why the demurrer was not sustained be *540 cause as we view it, the complaint does not state a cause of action. There is one matter to which we will refer because it is somewhat discussed in the briefs of counsel and in a very peculiar way. The only possible paragraph in the complaint which in the remotest manner tends to support a cause of action in favor of the plaintiff is the fourth paragraph. Respecting this plaintiff’s counsel served notice on the defendant’s attorney that paragraph four would not be relied on and no evidence would be given in support of it. When on this appeal the appellee’s counsel discusses the point that there is no cause without it, counsel for the appellant accepts the proposition, but he says if he has not got a cause of action without paragraph four, he has no cause at all, and does not desire us to support his complaint.
Recurring now briefly to the complaint, for we shall not attempt to state it in its entirety, it appears that Mrs. Brun was insured in the Legion of Honor and had carried the policy for some little time. In August, 1896, she was suspended for the nonpayment of assessments. This suspension continued until about the month of February, 1897. At that time she applied for reinstatement and requested information respecting the amount necessary to reinstate her, and to be furnished blanks on which the examination could be made. Either the secretary of the company or some one in his office sent a statement that the amount due for reinstatement was $78.40 and sent blanks on which an examination could be had, certificates filled out, and which when completed presumably would authorize the reinstatement. Mrs. Brun sent the money and filled out the blank which stated that she was in good health and which fact was confirmed by the certificate of a physician on a general inspection. On receipt of the money and the certificate at the office, it was immediately returned by the officers of the. company and Mrs. Brun was advised that that certificate was insufficient for a reinstatement under the circumstances, and blanks were sent the same as in the case of an original membership, to wit, a complete physical examination and *541 statement concerning the condition of her health. When these came back and the doctor came in to make the examination, and I take this from the statement of counsel in his opening remarks, he discovered the odor of a cancer in the womb, and immediately informed Mrs. Brun that she was suffering from that complaint, and within less than thirty days from that date she died. Counsel stated that she died from that disease, and that she could not at that date have taken the examination for a new membership. He tried unsuccessfully afterwards to amend the statement by stating that she died from appendicitis. This statement clearly, demonstrates the situation to be this: a policy was issued and had lapsed. The insured no longer had the legal right to keep up the policy or to pay the premiums and be reinstated without complying with the conditions and requirements of the by-laws and rules controlling that company. This the plaintiff concedes by the statement of his cause of action. Therefore to state a cause of action on that policy it was incumbent on Brun to show an actual reinstatement by the company and a revival of the lapsed contract, or the doing of those things which under the by-laws and regulations of the company entitled him to reinstatement. There was no actual reinstatement. Therefore the plaintiff must aver the doing of what was indispensable to the initiation or inception of the right to reinstate. This he wholly failed to allege or offer to prove. When he said that the amount of money was sent which the secretary required, and that he filled out a certain certificate and sent it, that of itself does not establish his right nor on proof thereof could he recover. It was incumbent on him to show either that the certificate which he sent was an actual compliance with the by-laws and regulations of the company, or that the company accepted it as such. How in his plea he did neither. He simply attempts to establish his right by showing that he sent the money required and received a certificate which he sent on to the company. When it appears that the certificate blank was returned and another one sent which he *542 was required to fill out, he either had to do what the officers of the company required in the last instance, or show that what he had already done was done in accordance with the bylaws and entitled him as a matter of law to the reinstatement. We can discover no allegation anywhere in the complaint, even including paragraph four which will bring the case within this very well settled principle of pleading. When a party has failed to comply with his contract and relies upon the performance of a condition subsequent whereby his right under the terms of the agreement is to be revived, he must undoubtedly both allege and prove the performance of the condition or the happening of the event, either one or the other of which revives his right and establishes the obligation of the other party.
What we have said is enough to indicate the fatal difficulty with the complaint, and since we are unable to discover that the plaintiff has stated a cause of action, we are without the right or authority to reverse the judgment and give him an opportunity to try his case and attempt to establish those facts on which his cause of action must rest.
The judgment of the court below was under these views entirely right, and will accordingly be affirmed.

Affirmed.